Michael L. Rodenbaugh (SBN 179059)
LOZA & LOZA LLP
305 N. Second Avenue, #127
Upland, CA 91786
Phone: (415) 738-8087

Matthew J. Ladenheim (*pro hac vice*)
Jonathan M. Hines (*pro hac vice*)
TREGO, HINES & LADENHEIM, PLLC
10224 Hickorywood Hill Ave., Suite 202
Huntersville, NC 28078
Phone: (704) 599-8911

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORIA
### OAKLAND DIVISION

| | |
|---|---|
| U.S. COTTON, LLC<br><br>    Plaintiff<br><br>vs.<br><br>A TO Z BEAUTY, LLC D/B/A CLIGANIC<br><br>    Defendant. | Civil Action No.: 4:21-cv-02141-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT PER FRCP 26(F)** |

Pursuant to F.R.C.P. 26(f) and Civil L.R. 16-9, Plaintiff U.S. Cotton, LLC and Defendant A to Z Beauty, LLC d/b/a Cliganic (collectively, "the parties") hereby jointly submit this Case Management Statement under the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

No.: 4:21-cv-02141-HSG            PAGE - 1            **JOINT CASE MANAGEMENT STATEMENT PER FRCP 26(F)**

1. **Jurisdiction and Service**:

This action is a patent infringement case involving U.S. Patent No. 7,192,630 (the "'630 patent"). This Court has exclusive original subject matter jurisdiction over claims arising under the United States Patent Law pursuant to Title 35 U.S.C. §271 and 28 U.S.C.§1331, §1338. There are no disputes regarding jurisdiction or venue in this judicial district and Defendant has been served.

2. **Facts**:

*Plaintiff's Statement*

Plaintiff U.S. Cotton is in the business of, *inter alia*, manufacturing and marketing high quality cotton-based products to companies and end-users in the medical, health and beauty markets.  U.S. Cotton offers a wide range of branded and private label cotton products to the medical, health and beauty markets including, cotton balls, cotton pads, cotton rounds, cotton squares, and cotton swabs.  One of U.S. Cotton's flagship products is a line of premium cosmetic cotton rounds.

Advancements in cotton round technology permit the manufacture of a superior cotton round.  One such advancement is the invention disclosed in the '630 Patent.  On March 20, 2007, the '630 Patent was duly and legally issued for an invention for a "Disk Method for Producing the Same and Device for Carrying Out said Method."  The '630 Patent is, and at all relevant times in past has been, in full force and effect.

Plaintiff has been offering premium cosmetic cotton rounds of the type described in the '630 Patent first as a licensee and, after September 2011, as the patent owner.  U.S. Cotton also offers premium cosmetic cotton rounds manufactured according to the '630 Patent to third parties for private label branding.  U.S. Cotton does not now, nor has it ever, licensed the invention disclosed and claimed in the '630 Patent to Defendant.

It has recently come to U.S. Cotton's attention that Defendant has manufactured, made, had made, used, practiced, imported, provided, supplied, distributed, sold, and/or offered for sale products that directly infringe one or more claims of the '630 Patent (hereinafter, "the Accused Products"). Specifically, Defendant has imported, sold, and offered for sale infringing premium cosmetic cotton rounds under the brand name CLIGANIC. The premium cosmetic cotton rounds that Defendant imports, sells, and offers for sale under the brand name CLIGANIC encompass the invention disclosed and claimed in the '630 Patent.

U.S. Cotton owned the '630 Patent throughout the period of Defendant's infringement and is still the owner of all right title and interest in and to the '630 Patent. U.S. Cotton has been damaged as a result of the infringing conduct of Defendant which is therefore liable to U.S. Cotton in an amount that adequately compensates U.S. Cotton for such infringement which cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

*Defendant's Statement*

Several months before the filing of the Complaint, Defendant A to Z Beauty, LLC d/b/a Cliganic ("Cliganic") informed U.S. Cotton that Cliganic does not infringe the '630 Patent and that the '630 Patent is invalid. Specifically, Cliganic provided U.S. Cotton several detailed reasons why Cliganic's accused cotton round products do not infringe any claims of the '630 Patent and why the claims of the '630 Patent are invalid in light of relevant prior art.Although U.S. Cotton was well aware of the non-infringement and invalidity defenses of Cliganic, at some point in or around March 23, 2021, U.S. Cotton improperly contacted Amazon, the retailer through whom Cliganic sells its products, regarding U.S. Cotton's baseless claims of patent infringement against Cliganic. As a result of this improper conduct, Amazon threatened to suspend Cliganic's "selling privileges."

Indeed, even though Cliganic has made clear on several occasions to U.S. Cotton that there was no basis for U.S. Cotton's patent infringement accusations against Cliganic, U.S. Cotton nonetheless continued to pursue its claims and accusations of infringement against Cliganic, interfered with Cliganic's business dealings, and improperly leveraged its threat of legal action in an attempt to attain favorable business terms with Cliganic.

**3. Legal Issues**:

The parties dispute the following legal issues:

A. Whether Defendant has directly and literally, or, in the alternative, has under the doctrine of equivalents infringed, and continues to infringe, one or more of the claims of the '630 Patent because it has manufactured, made, had made, used, practiced, imported, provided, supplied, distributed, sold, and/or offered for sale products that directly infringe one or more claims of the '630 Patent, in violation of 35 U.S.C. §271.

B. Whether Defendant has induced and contributed to the direct literal, or in the alternative under the doctrine of equivalents, infringement of one or more claims of the '630 Patent, in violation of 35 U.S.C. § 271, in this judicial district and elsewhere by making, using, selling, and/or offering for sale Accused Products.

C. Whether the asserted claims of the '630 Patent are invalid and/or unenforceable under one or more of 35 U.S.C. §§ 101, 102, 103, or 112.

D. Whether Plaintiff's claims are barred or limited based on any affirmative defense.

E. The amount of damages and other monetary relief, if any, for which Defendant is liable, assuming liability is proven, including costs, reasonable attorneys' fees, and interest..

F. Whether Defendant is entitled to its costs, disbursements, and reasonable attorneys' fees incurred in this action.

4. **Motions**:

    None currently anticipated.

5. **Amendment of Pleadings**:

    None currently anticipated.

6. **Evidence Preservation**:

    The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Each party has instituted a litigation hold, and proposes to produce responsive documents in searchable .pdf format or otherwise as mutually agreed.

7. **Disclosures**:

    The parties propose that Initial Disclosures be due Friday July 9, and Patent Disclosures commence July 28.

8. **Discovery**:

    The parties intend to exchange a first round of written discovery requests and responses, and no other discovery, prior to the Settlement Conference. The parties otherwise agree to the discovery limitations in the Federal Rules of Civil Procedure. The parties also are considering entering into a stipulated ESI Order and Protective Order.

9. **Class Actions**:

    The matter is not a class action.

10. **Related Cases**:

    There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

No.: 4:21-cv-02141-HSG         PAGE - 5         **JOINT CASE MANAGEMENT STATEMENT PER FRCP 26(F)**

**11. Relief**:

Plaintiff U.S. Cotton LLC prays for judgment in its favor and against Defendant A to Z Beauty, LLC d/b/a Cliganic as follows:

A. That Defendant has infringed one or more claims of the '630 Patent;

B. That Defendant, its officers, directors, agents, servants, employees, privies, representatives, attorneys, parent and subsidiary corporations or other related entities, successors, assigns, licensees, retail distributors, and all persons in active concert or participation with any it, be preliminarily and permanently enjoined from further acts of infringement of the '630 Patent;

C. That Plaintiff be awarded damages in an amount to be determined at trial for Defendant's infringing activities, which are at least a reasonable royalty;

D. That Plaintiff be awarded treble damages by reason of any willful, wanton, and deliberate infringement found under 35 U.S.C. § 284;

E. That Plaintiff be awarded pre-judgment and post-judgment interest;

F. That Plaintiff be awarded its costs and expenses of suit, including expert witness fees;

G. That Plaintiff be awarded its attorneys' fees should this be found to be an exceptional case under 35 U.S.C. § 285;

H. That Defendant be ordered to deliver to Plaintiff, for destruction at Plaintiff's option, all products that infringe the '630 Patent;

I. That Defendant be required to account for all gains, profits, advantages, and unjust enrichment derived from its violations of law; and,

J. That Plaintiff be awarded other and further relief as the Court deems appropriate and just.

Cliganic respectfully prays that the Court enter judgment in its favor and award the following relief against U.S. Cotton:

A. Declare that each claim of U.S. Patent No. 7,192,630 is invalid and unenforceable;

B. Declare that Cliganic does not infringe any claim of U.S. Patent No. 7,192,630;

C. Permanently enjoin U.S. Cotton, and its officers, directors, agents, servants, employees, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that Cliganic and/or any of its respective officers, directors, agents, servants, employees, subsidiaries, suppliers or customers, infringe upon any of the claims of the '630 Patent;

D. Declare that this case is "exceptional" under 35 U.S.C. § 285;

E. Award Cliganic its attorneys' fees and costs in this lawsuit; and,

F. Award Cliganic such further relief to which the Court finds Cliganic is entitled under law or equity.

**12. Settlement and ADR**:

The parties have complied with L.R. 3-5, and request a Settlement Conference with a Magistrate Judge.

**13. Consent to Magistrate Judge For All Purposes**:

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References**:

The parties do not believe this matter is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:**

The parties are not aware of any such methods at this time.

**16. Expedited Trial Procedure**:

Not applicable.

**17. Scheduling**:

**A. CLAIM CONSTRUCTION PHASE:**

| EVENT | PROPOSED SCHEDULE |
|---|---|
| Rule 26(a)(1) Initial Disclosures | July 9, 2021 |
| Disclosure of Asserted Claims and Infringement Contentions by Plaintiff (Patent L.R. 3-1 & 3-2) | July 28, 2021 |
| Invalidity Contentions by Defendant (Patent L.R. 3-3 and 3-4) | September 13, 2021 |
| Exchange of Proposed Terms for Claim Construction (Patent L.R. 4-1) | September 27, 2021 |
| Exchange of Preliminary Constructions and Extrinsic Evidence (Patent L.R. 4-2) | October 18, 2021 |
| Damages Contentions by Plaintiff (Patent L.R. 3-8) | November 2, 2021 |
| Joint Claim Construction and Prehearing Statement and Expert Reports for Claim Construction (Patent L.R. 4-3) | November 12, 2021 |
| Responsive Damages Contentions by Defendant (Patent L.R. 3-9) | December 2, 2021 |
| Last Day to Amend Pleadings | December 12, 2021 |
| Completion of Claim Construction Discovery (Patent L.R. 4-4) | December 12, 2021 |
| Opening Claim Construction Brief by Plaintiff (Patent L.R. 4-5(a)) | December 27, 2021 |
| Responsive Claim Construction Brief by Defendant (Patent L.R. 4-5(b)) | January 10, 2022 |

| Reply Claim Construction Brief by Plaintiff (Patent L.R. 4-5(c)) | January 17, 2022 |
|---|---|
| Claim Construction Hearing | At the convenience of the Court |
| Issuance of Claim Construction/Pretrial Order ["PO"] | At the convenience of the Court |

**B. POST CLAIM CONSTRUCTION PHASE:**

| EVENT | PROPOSED SCHEDULE |
|---|---|
| Amended Infringement Contentions Served | [PO + 30] |
| Amended Invalidity Contentions Served | [PO + 60] |
| Advice of Counsel Defense Served | [PO + 120] |
| Fact Discovery Closes | [PO + 180] |
| Opening Expert Reports Served | [PO + 225] |
| Rebuttal Expert Reports Served | [PO + 255] |
| Close of Expert Discovery | [PO + 270] |
| Mediation Deadline | [PO + 285] |
| Dispositive and Daubert Motions Deadline | [PO + 320] |
| Ready Date for Trial | [PO + 420] |

**18. Trial**:

The parties have requested jury trial. The parties expect the trial to last five (5) court days or fewer.

**19. Disclosure of Non-party Interested Entities or Persons:**

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

Plaintiff U.S. Cotton LLC has disclosed Parkdale Incorporated – parent company of Plaintiff.

Defendant has disclosed that other than the named parties, there is no such interest to report.

**20. Professional Conduct:**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other:**

The parties do not at this time anticipate other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

**22. Proposed modification of the obligations or deadlines set forth in these Patent Local Rules:**

None at this time.

**23. Scope and timing of any claim construction discovery:**

The parties have outlined their proposed claim construction discovery schedule in Section 17 above.

**24. Format of the Claim Construction Hearing:**

At this time the parties believe the Claim Construction Hearing can be effectively and efficiently conducted by remote means. In the event that a technology tutorial becomes necessary, the parties agree that it should occur in tandem with the claim construction hearing.

**25. A non-binding, good-faith estimate of the damages range expected for the case along with an explanation:**

Plaintiff states that it cannot provide a good-faith estimate of its range of damages until it obtains discovery from Defendant as to Defendant's sales of infringing products. Plaintiff seeks

No.: 4:21-cv-02141-HSG    PAGE - 10    **JOINT CASE MANAGEMENT STATEMENT PER FRCP 26(F)**

an award of attorneys' fees, costs, and expenses, and any other relief as the Court may deem just and proper. It is not possible for Plaintiff to provide a calculation of these damages at this time, as any attorneys' fees, costs, and expenses to which Plaintiff is entitled will depend on future rulings of this Court and will continue to accrue until the case is resolved.

Defendant seeks an award of attorneys' fees, costs, and expenses, and any other relief as the Court may deem just and proper. It is not possible for Defendant to provide a calculation of these damages at this time, as any attorneys' fees, costs, and expenses to which Defendant is entitled will depend on future rulings of this Court and will continue to accrue until the case is resolved.

Respectfully submitted,

**LOZA & LOZA LLP**

Dated: July 6, 2021

By: /s/ Mike Rodenbaugh

Michael L. Rodenbaugh (SBN 179059)
LOZA & LOZA LLP
305 N. Second Avenue, #127
Upland, CA 91786
Phone: (415) 738-8087

Matthew J. Ladenheim (*pro hac vice*)
Jonathan M. Hines (*pro hac vice*)
TREGO, HINES & LADENHEIM, PLLC
10224 Hickorywood Hill Ave., Suite 202
Huntersville, NC  28078
Phone: 704-599-8911

*Attorneys for Plaintiff*
*U.S. Cotton, LLC*

No.: 4:21-cv-02141-HSG           PAGE - 11           JOINT CASE MANAGEMENT STATEMENT PER FRCP 26(F)

Dated: July 6, 2021

Respectfully submitted,

By: */s/ Erik R. Fuehrer*
Erik R. Fuehrer (Bar No. 252578)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303
Tel:  650.833.2000
Fax:  650.833.2001
erik.fuehrer@us.dlapiper.com

Attorneys for Defendant
A TO Z BEAUTY, LLC D/B/A CLIGANIC

No.: 4:21-cv-02141-HSG          PAGE - 12          **JOINT CASE MANAGEMENT STATEMENT PER FRCP 26(F)**